# EXHIBIT A

Dept. # 10   Assigned _Highberger_

**FILED**
Superior Court of California
County of Los Angeles

OCT 18 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
      Isaac Lovo

1 | THOMAS V. GIRARDI, (SBN: 36603)
KEITH D. GRIFFIN, (SBN: 204388)
2 | **GIRARDI | KEESE**
1126 WILSHIRE BOULEVARD
3 | LOS ANGELES CALIFORNIA 90017
Telephone: (213) 977-0211
4 | Facsimile: (213) 481-1554

5 | EBBY S. BAKHTIAR, ESQ. (SBN: 215032)
**LIVINGSTON • BAKHTIAR.**
6 | 3435 WILSHIRE BOULEVARD, SUITE 1669
Los ANGELES, CALIFORNIA 90010
7 | TEL: (213) 632-1550
FAX: (213) 632-3100
8 |
Attorneys for Plaintiff and the Putative Class
9 |

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12 | CASE NO.: **18STCV01331**

13 | LUIS LICEA, individually and on behalf of all
others similarly situated,

**CLASS ACTION COMPLAINT**

14 |
15 |         Plaintiff,
16 |     v.
17 | FACEBOOK, INC., a Delaware corporation;
and DOES 1 through 100, inclusive,
18 |
19 |         Defendants.
20 |
21 |

1. NEGLIGENCE
2. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 - UNLAWFUL BUSINESS PRACTICES
3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES
4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES
5. CONSTITUTIONAL INVASION OF PRIVACY
6. NEGLIGENCE *PER SE*
7. VIOLATION OF STATE DATA BREACH ACTS

22 |
23 |
24 |

25 | **JURY TRIAL DEMANDED**

26 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

27 |         PLAINTIFF alleges, upon information and belief, based upon the investigation made by

28 | and through her attorneys, except those allegations relating to Plaintiff and his attorneys, which are

Exhibit A, Page 010

CLASS ACTION COMPLAINT

1 | alleged upon knowledge, as follows

2 | **CLASS ACTION COMPLAINT**

3 | Luis Licea ("Plaintiff"), both individually and on behalf of all others similarly situated

4 | ("the Visually Impaired Nation Class" and the Visually Impaired California Class"), alleges the

5 | following:

6 | **I.      NATURE OF THE ACTION**

7 | 1.      Facebook, Inc. (hereinafter "FB" "Facebook" or "Defendant") was founded on or

8 | around 2004 and operates globally including in all 50 states the United States of America. FB had

9 | around $40.0 Billion in revenue in 2017.  FB operates a website and applications ("apps") that allow

10 | people to connect. Facebook collects an extraordinary amount of data on its users, including full

11 | names and credit/debit cards.  On or around September 28, 2018, FB learned that an estimated 50

12 | million consumers' private personal and financial information was obtained by an unauthorized third

13 | party in one of the largest data breaches to date. FB has not revealed when the breach actually

14 | occurred.

15 | 2.      Plaintiff, both individually and on behalf of those similarly situated persons (hereafter

16 | "Class Members"), brings this Class Action to secure redress against FB for their reckless and

17 | negligent violations of customer privacy rights, specifically against its visually impaired users.

18 | Plaintiff and Class Members are customers who entrusted Facebook with their financial information,

19 | email address and passwords and other PII as defined below.

20 | 3.      Plaintiff and Class Members suffered injury.  The security breach compromised full

21 | names, email addresses, passwords, and on information and belief, full names, addresses, credit/debit

22 | card numbers, and other Private Identifiable Information ("PII").

23 | 4.      As a result of Facebook's wrongful actions and inactions, customer information was

24 | stolen.  Many of the customers who entrusted FB with their financial information have had their PII

25 | compromised, have had their privacy rights violated, have been exposed to the risk of fraud and

26 | identify theft, and have otherwise suffered damages.

27 | ///

28 | ///

Exhibit A, Page 011

## II.    PARTIES

5.    At all times relevant to this action, named Plaintiff, Luis Licea, is and was, a resident of Los Angeles County, State of California.  Luis Licea is visually impaired. Licea therefore cannot easily log in and out of website and stays logged in to them out of necessity rather than for simple convenience. Licea also has difficulty to impossibility using two factor authentication due to his visual impairment. As such, Licea is particularly reliant on Facebook, Inc. to protect his PII.

6.    Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, namely all other individuals who have entrusted FB with their PII, expecting Facebook to protect that data.

7.    Upon information and belief, Defendant FB is a Delaware corporation but with its principle place of business in California and its corporate headquarters at 2101 North California Avenue, Menlo Park, California.

8.    The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.  Plaintiff are informed and believe, and upon such information and belief allege, that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and proximately caused the injuries and damages to Plaintiff hereinafter alleged.  Plaintiff will seek leave of Court to amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

9.    Plaintiff is informed and believes and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including Does 1 through 100, were the agents, servants, employees and/or joint ventures of their co-Defendants, and were, as such, acting within the course, scope and authority of said agency, employment and/or joint venture, and that each and every Defendants, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every Defendants as an agent, employee and/or joint venturers.

///

///

1

### III.    JURISDICTION AND VENUE

2     10.    This is brought as a class action to remedy violations of California law by Defendant

3 Facebook. This Court has jurisdiction over this action because it is a class action and the amount in

4 controversy is in excess of the jurisdictional minimum of this Court.

5     11.    Specifically, Defendant engaged in substantial marketing, advertising, promotion, and

6 selling of Facebook services throughout California. This Court has personal jurisdiction over

7 Defendant because of the business they conduct in California and thus has sufficient minimum

8 contacts and their principal place of business and corporate headquarters are located in California.

9 Facebook is therefore a California citizen.

10     12.    The Court also has personal jurisdiction over the Parties because Facebook conducts a

11 major part of their national operations with regular and continuous business activity in California, on

12 information and belief, through its website both not exceeded in other jurisdictions throughout the

13 United States.

14     13.    Venue is proper in Los Angeles County pursuant to *Section 395(a)* of the *Code of Civil*

15 *Procedure.* Defendant conducts business in Los Angeles, many of the acts giving rise to the violations

16 complained of occurred in Los Angeles County, and because Plaintiff resides in Los Angeles County.

17

### IV.    SUBSTANTIVE ALLEGATIONS

18 *A.     The Data Breach Unravels*

19     14.    Facebook owns and operates apps for mobile phone and internet websites. The general

20 purpose of these app(s) and website(s) is social media for the user to connect with people and for

21 Facebook to profit off selling advertising and customer data. These website(s) and app(s) require a

22 user to enter their full name, electronic mail address, create a password to use the apps and websites.

23 FB also collects credit/debit numbers from its users as well as a host personal information.

24     15.    On September 28, 2018 a major cybersecurity breach was discovered by Facebook.

25 Defendant Facebook disclosed that hackers gained access to sensitive personal data for up to 50

26 million users including their PII as defined above.

27     16.    FB has not disclosed more details about the hack.

28     17.    FB's stock has dropped considerably on the news of the data breach.

18.     Consumers, including Plaintiff and Class Members trusted FB with their sensitive data.

**B.     *Stolen Information Is Valuable to Hackers and Thieves***

19. It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers.  Especially in the technology industry, the issue of data security and threats thereto, is well known.  Despite well-publicized litigation and frequent public announcements of data breaches, Facebook opted to maintain an insufficient and inadequate system to protect the payment information of Plaintiff and Class Members. Private Identifiable Information is also highly coveted and a frequent target of hackers.  Despite well-publicized litigation and frequent public announcements of data breaches, Facebook and its affiliates opted to maintain an insufficient and inadequate system to protect the PII of Plaintiff and Class Members.

20.     FB negligently and recklessly put Plaintiff's and Class Members PII at risk and the PII, on information and belief, was actually stolen.

21.     Legitimate organizations and the criminal underground alike recognize the value of PII. Otherwise, they would not aggressively seek or pay for it.  As previously seen in one of the world's largest breaches, hackers compromised the card holder data of 40 million customers.

22.     Credit or debit card information is highly valuable to hackers.  Credit and debit card information that is stolen from the point of sale are known as "dumps." Credit and debit card dumps can be sold in the cybercrime underground for a retail value of about "$20 apiece." This information can also be used to clone a debit or credit card.

**C.     *The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud***

23.     Facebook failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

24.     The ramification of Facebook's failure to keep Plaintiff and Class Members' data secure is severe.

25.     According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2

1    Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-
2    finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html

3        26.    It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud
4    makes that individual whole again.  On the contrary, after conducting a study, the Department of
5    Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information
6    used for fraudulent purposes, 29% spent a month or more resolving problems." *See* "Victims of
7    Identity    Theft,"    U.S.    Department    of    Justice,    Dec    2013,    *available*    *at*
8    https://www.bjs.gov/content/pub/pdf/vit12.pdf.  In fact, the BJS reported, "resolving the problems
9    caused by identity theft [could] take more than a year for some victims."

10   ***D.***     ***Annual Monetary Losses from Identity Theft are in the Billions of Dollars***

11       27.    Javelin Strategy and Research reports that those losses increased to $21 billion in
12   2013. *See* 2013 Identity Fraud Report. There may be a time lag between when harm occurs and when
13   it is discovered, and also between when PII is stolen and when it is used.

14       28.    Plaintiff and Class Members now face years of constant surveillance of their financial
15   and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur
16   such damages in addition to any fraudulent credit and debit card charges incurred by them and the
17   resulting loss of use of their credit and access to funds, whether or not such charges are ultimately
18   reimbursed by the credit card companies.

19   ***E.***     ***Plaintiff and Class Members Suffered Damages***

20       29.    The data breach was a direct and proximate result of Facebook's failure to properly
21   safeguard and protect Plaintiff and Class Members' PII from unauthorized access, use, and disclosure,
22   as required by various state and federal regulations, industry practices, and the common law, including
23   Facebook's failure to establish and implement appropriate administrative, technical, and physical
24   safeguards to ensure the security and confidentiality of Plaintiff and Class Members' PII to protect
25   against reasonably foreseeable threats to the security or integrity of such information.

26       30.    Plaintiff and Class Members' PII is private and sensitive in nature and was
27   inadequately protected by Facebook.  Facebook did not obtain Plaintiff and Class Members' consent
28

to disclose their PII, except to certain persons not relevant to this action, as required by applicable law and industry standards.

31.     As a direct and proximate result of Facebook's wrongful action and inaction and the resulting data breach, Plaintiff and Class Members have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

32.     Facebook's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff and Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

a.     Theft of their PII, including on information and belief actual theft of credit/debit card numbers;

b.     The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiff and Class Members' information on the Internet black market;

c.     The untimely and inadequate notification of the data breach;

d.     The improper disclosure of their PII;

e.     Loss of privacy;

f.     Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g.     Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h.     Overpayments to Facebook for credit reporting services during the subject data breach in that a portion of the price paid for such services by Plaintiff and Class Members to Facebook was for the costs of reasonable and adequate safeguards and security

7

measures that would protect customers' PII, which Facebook did not implement and, as a result, Plaintiff and Class Members did not receive what they paid for and by Facebook; and

i.   Deprivation of rights they possess under the Unfair Competition Laws.

## V.   CLASS ACTION ALLEGATIONS

33.   Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to *California Civil Code § 1781* (hereinafter, "The Class"). The Class is composed of:

All visually impaired users of Facebook residing Nationwide whose PII was disclosed in the data breach in 20188 (the "Visually Impaired Class)

All visually impaired users of Facebook residing in California whose PII was disclosed in the data breach in 20188 (the "California Visually Impaired Class) (Collectively referred to as "the Class")

34.   Plaintiff does not know the exact number of members of The Class, since that information is within the exclusive control of Defendants. But, the members of The Class are believed to be in the millions. The Class is so numerous that joinder of all members is impracticable.

35.   The Plaintiff and the members of The Class share a community of interest, as they all have a same or similar claim arising from the same or similar wrongful actions and omissions of Defendants, and each of them.

37.   There are questions of law and/or fact common to The Class, which are substantially similar and predominate over the questions affecting the individual members. The claims and/or defenses of the representative Plaintiff are typical of the claims and/or defenses of The Class and all are based upon the same legal theories. The representative Plaintiff will fairly and adequately protect the interests of The Class. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

38.   Plaintiff can and will fairly and adequately represent the interests of The Class through Plaintiff's attorneys, who are competent and qualified to prosecute this litigation.

39.   A class action is an appropriate method for the fair and efficient adjudication of this controversy.

///

## COUNT I

### Negligence

(On Behalf of Plaintiff and the Class)

40.     Plaintiff repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

41.     Upon accepting Plaintiff and Class Members' Private Identifiable Information in their system, Facebook undertook and owed a duty to Plaintiff and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so.  This duty included, among other things, designing, maintaining, and testing Facebook's security systems to ensure that Plaintiff and the Class Members' PII was adequately secured and protected.

42.     Facebook further had a duty to implement processes that would detect a breach of its security system in a timely manner.

43.     Facebook also had a duty to timely disclose to Plaintiff and Class Members that their Private Identifiable Information had been or was reasonably believed to have been compromised. Timely disclosure was appropriate so that, among other things, Plaintiff and Class Members could take appropriate measures to avoid use of bank funds, and monitor their account information and credit reports for fraudulent activity.

44.     Facebook breached its duty to discover and to notify Plaintiff and Class Members of the unauthorized access by failing to discover the security breach within reasonable time and by failing to notify Plaintiff and Class Members of the breach timely.  To date, Facebook has not provided sufficient information to Plaintiff and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class.

45.     Facebook also breached its duty to Plaintiff and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Identifiable Information.  Furthering its negligent practices, Facebook failed to provide adequate supervision and oversight of the Private Identifiable Information with which it is entrusted, in spite of

9

Exhibit A, Page 018

the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiff's and Class Members' Private Identifiable Information, misuse the Private Identifiable Information, and intentionally disclose it to others without consent.

46.     Through Facebook's acts and omissions described in this Complaint, including Facebook's failure to provide adequate security and its failure to protect Plaintiff and Class Members' Private Identifiable Information from being foreseeably captured, accessed, disseminated, stolen, and misused, Facebook unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiff and Class Members' Private Identifiable Information during the time it was within Facebook's control.

47.     Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Facebook prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their Private Identifiable Information.

48.     Upon information and belief, Facebook improperly and inadequately safeguarded the Private Identifiable Information of Plaintiff and Class Members in deviation from standard industry rules, regulations, and practices at the time of the data breach.

49.     Facebook's failure to take proper security measures to protect Plaintiff and Class Members' sensitive PII as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff and Class Members' Private Identifiable Information.

50.     Facebook's conduct was grossly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the Private Identifiable Information; failing to conduct adequate regular security audits; failing to provide adequate and appropriate supervision of persons having access to Plaintiff and Class Members' Private Identifiable Information.

51.     Neither Plaintiff nor the other Class Members contributed to the data breach and subsequent misuse of their Private Identifiable Information as described in this Complaint. As a direct and proximate result of Facebook's negligence, Plaintiff and Class Members sustained actual losses and damages as described in detail above.

///

## COUNT II

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful Business Practices**

(On Behalf of Plaintiff and the Class)

52.    Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

53.    Facebook has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200. Facebook engaged in unlawful acts and practices with respect to its services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' Private Identifiable Information with knowledge that the information would not be adequately protected; and by gathering Plaintiff's and Class Members' Private Identifiable Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Facebook to take reasonable methods of safeguarding the Private Identifiable Information of Plaintiff and the Class Members.

54.    In addition, Facebook engaged in unlawful acts and practices with respect to its services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.  To date, Facebook has still not provided such sufficient information to Plaintiff and the Class Members.

55.    As a direct and proximate result of Facebook's unlawful acts and practices, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their Private Identifiable Information, and additional losses described above.

56.    Facebook knew or should have known that its system had been breached and data security practices were inadequate to safeguard Class Members' Private Identifiable Information and that the risk of a data breach or theft was highly likely.  Facebook's actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless

1   with respect to the rights of Class Members.

2       57.    Plaintiff and members of the Class seek relief under Cal. Bus. & Prof. Code § 17200,

3   *et. seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property

4   that Facebook may have acquired by means of its unlawful, and unfair business practices,

5   restitutionary disgorgement of all profits accruing to Facebook because of its unlawful and unfair

6   business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §

7   1021.5), and injunctive or other equitable relief.

8                                    **<u>COUNT III</u>**

9   **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair**

10                                   **Business Practices**

11                          (On Behalf of Plaintiff and the Class)

12      58.    Plaintiff repeats and fully incorporates the allegations contained in each and every

13  allegation of this Complaint.

14      59.    Facebook engaged in unfair acts and practices by soliciting and collecting Plaintiff's

15  and Class Members' Private Identifiable Information with knowledge that the information would not

16  be adequately protected; while Plaintiff's and the Class Members' Private Identifiable Information

17  would be processed in an unsecure electronic environment.  These unfair acts and practices were

18  immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to

19  Plaintiff and the Class Members.  They were likely to deceive the public into believing their Private

20  Identifiable Information was secure, when it was not.  The harm these practices caused to Plaintiff and

21  the members of the Class outweighed their utility, if any.

22      60.    Facebook engaged in unfair acts and practices with respect to the provision of its

23  services by failing to enact adequate privacy and security measures and protect Class Members'

24  Private Identifiable Information from further unauthorized disclosure, release, data breaches, and theft,

25  and failing to timely discovery and give notice of the Data Breach.  These unfair acts and practices

26  were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to

27  Plaintiff and Class Members. They were likely to deceive the public into believing their Private

28  Identifiable Information was secure, when it was not.  The harm these practices caused to Plaintiff and

1    the Class Members outweighed their utility, if any.

2         61.    As a direct and proximate result of Facebook's acts of unfair practices and acts,

3    Plaintiff and the members of the Class were injured and lost money or property, including but not

4    limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and

5    additional losses described above.

6         62.    Facebook knew or should have known that its systems and data security practices were

7    inadequate to safeguard Class Members' Private Identifiable Information and that the risk of a data

8    breach or theft was highly likely.  Facebook's actions in engaging in the above-named unlawful

9    practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the

10   rights of the Class Members.

11        63.    The members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et.*

12   *seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property

13   that the Facebook may have acquired by means of its unfair business practices, restitutionary

14   disgorgement of all profits accruing to Facebook because of its unfair business practices,

15   declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and

16   injunctive or other equitable relief.

17   <u>**COUNT IV**</u>

18   **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200**

19   **Fraudulent/Deceptive Business Practices**

20   (On Behalf of Plaintiff and the Class)

21        64.    Plaintiff repeats and fully incorporates the allegations contained in each and every

22   allegation of this Complaint.

23        65.    Facebook engaged in fraudulent and deceptive acts and practices by representing and

24   advertising that it would maintain adequate data privacy and security practices and procedures to

25   safeguard Plaintiff's and the Class Members' Private Identifiable Information from unauthorized

26   disclosure, release, data breaches, and theft; and representing and advertising that it did and would

27   comply with the requirements of relevant federal and state laws pertaining to the privacy and security

28   of the members of the Class' Private Identifiable Information.  These representations were likely to

1    deceive members of the public, including Plaintiff and Class Members, into believing their Private

2    Identifiable Information was securely stored, when it was not, and that Facebook was complying with

3    relevant law, when it was not.

4         66.    Facebook engaged in fraudulent and deceptive acts and practices by omitting,

5    suppressing, and concealing the material fact of the inadequacy of the privacy and security

6    protections for Class Members' Private Identifiable Information. At the time that Class Members

7    were using Facebook's system, Facebook failed to disclose to Class Members that its data security

8    systems failed to meet legal and industry standards for the protection of their Private Identifiable

9    Information. Plaintiff would not have entrusted Facebook with their private information if they

10   had known about its substandard data security practices. These representations were likely to

11   deceive members of the public, including Plaintiff and the Class Members, into believing their

12   Private Identifiable Information was secure, when it was not, and that Facebook was complying

13   with relevant law and industry standards, when it was not.

14        67.    As a direct and proximate result of Facebook's deceptive practices and acts,

15   Plaintiff and the Class Members were injured and lost money or property, including but not

16   limited to the loss of their legally protected interest in the confidentiality and privacy of their

17   Private Identifiable Information, and additional losses described above.

18        68.    Facebook knew or should have known that its system and data security practices

19   were inadequate to safeguard Class Members' PII and that the risk of a data breach or theft was

20   highly likely. Facebook's actions in engaging in the above-named unlawful practices and acts

21   were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class

22   Members.

23        69.    Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*,

24   including, but not limited to, restitution to Plaintiff and Class Members of money or property that

25   Facebook may have acquired by means of its fraudulent and deceptive business practices,

26   restitutionary disgorgement of all profits accruing to Facebook because of its fraudulent and

27   deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code

28   Civ. Proc. §1021.5), and injunctive or other equitable relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT V**

**Constitutional Invasion of Privacy**

(On Behalf of Plaintiff and the Class)

70.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

71.     Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

72.     Plaintiff and Class members had a legally protected privacy interest in the Private Identifiable Information provided to Facebook.

73.     Plaintiff and Class Members had a reasonable expectation of privacy as to the Private Identifiable Information they provided to Facebook under the circumstances of their purchases.

74.     Facebook's actions and inactions amounted to a serious invasion of the protected privacy interests of Plaintiff and Class Members.

75.     Facebook's invasion of Plaintiff and Class Members' reasonable expectation of privacy caused Plaintiff and Class members to suffer damages.

**COUNT VI**

**Negligence *Per Se***

(On Behalf of Plaintiff and the Class)

76.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

77.     Pursuant to state laws in California, Facebook had a duty to those California Class Members to implement and maintain reasonable security procedures and practices to safeguard Plaintiff and Class Members' Personal Information:

a.   California: Cal Civ. Code § 1798.81.5

78.     Facebook breached their duties to Plaintiff and California Class Members as

15

Exhibit A, Page 024

1   established under Cal Civ. Code § 1798.81.5 by failing to provide fair, reasonable, or adequate

2   computer systems and data security practices to safeguard Plaintiff and Class Members' Personal

3   Information.

4          79.     Facebook's failure to comply with applicable laws and regulations constitutes

5   negligence *per se*.

6          80.     But for Facebook's wrongful and negligent breach of their duties owed to Plaintiff

7   and California Class Members, Plaintiff and California Class Members would not have been

8   injured.

9          81.     The injury and harm suffered by Plaintiff and California Class Members was the

10  reasonably foreseeable result of Facebook's breach of their duties. Facebook knew or should have

11  known that they were failing to meet their duties, and that Facebook's breach would cause Plaintiff

12  and California Class Members to experience the foreseeable harms associated with the exposure of

13  their Personal Information.

14         82.     As a direct and proximate result of Facebook's negligent conduct, Plaintiff and

15  Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

16                                  **COUNT VII**

17                      **Violation of State Data Breach Acts**

18                      (On Behalf of Plaintiff and the Class)

19         83.     Plaintiff repeats and fully incorporates the allegations contained in each and every

20  allegation of this Complaint.

21         84.     Facebook owns, licenses, and/or maintains computerized data that includes Plaintiff

22  and Class Members' PII.

23         85.     Facebook was required to, but failed, to take all reasonable steps to dispose, or

24  arrange for the disposal, of records within its custody or control containing PII when the records

25  were no longer to be retained, by shredding, erasing, or otherwise modifying the personal

26  information in those records to make it unreadable or undecipherable through any means.

27         86.     Facebook's conduct, as alleged above, violated the data breach statutes of

28  California, including: California, Cal. Civ. Code §§ 1798.80 et. seq.;

87.     Facebook was required to, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach.

88.     The Data Breach constituted a "breach of the security system" within the meaning of section 1798.82(g) of the California Civil Code.

89.     The information compromised in the Data Breach constituted "personal information" within the meaning of section 1798.80(e) of the California Civil Code.

90.     Like other State Data Breach Acts, California Civil Code § 1798.80(e) requires disclosure of data breaches "in the most expedient time possible and without unreasonable delay . . ."

91.     Facebook violated Cal. Civ. Code § 1798.80(e) by unreasonably delaying disclosure of the Data Breach to Plaintiff and other Class Members, whose PII was, or was reasonably believed to have been, acquired by an unauthorized person.

92.     Upon information and belief, no law enforcement agency instructed Facebook that notification to Plaintiff and Class Members would impede a criminal investigation.

93.     As a result of Facebook's violation of State Data Breach Acts, including Cal. Civ. Code § 1798.80, et seq., Plaintiff and Class Members incurred economic damages, including expenses associated with monitoring their personal and financial information to prevent further fraud.

94.     Plaintiff, individually and on behalf of the Class, seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) actual damages suffered by Class Members as alleged above; (b) statutory damages for Facebook's willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

95.     Because Facebook was guilty of oppression, fraud or malice, in that it failed to act with a willful and conscious disregard of Plaintiff and Class Members' rights, Plaintiff also seeks punitive damages, individually and on behalf of the Class.

///

17

Exhibit A, Page 026

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Facebook as follows:

A.   For an Order certifying the National and California Class as defined here, and appointing Plaintiff and her Counsel to represent the National and California Class;

B.   For equitable relief enjoining Facebook from engaging in the wrongful conduct complained of here pertaining to the misuse and/or disclosure of Plaintiff and Class Members' Private Identifiable Information, and from refusing to issue prompt, complete, and accurate disclosures to the Plaintiff and Class Members;

C.   For equitable relief compelling Facebook to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of PII compromised.

D.   For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Facebook's wrongful conduct;

E.   For an award of actual damages and compensatory damages, in an amount to be determined;

F.   For an award of costs of suit and attorneys' fees, as allowable by law; and

G.   Such other and further relief as this court may deem just and proper.

E.   For Punitive Damages.

DATED:  October 15, 2018          GIRARDI | KEESE

By:  _____
     KEITH D. GRIFFIN, ESQ.
     Attorneys for PLAINTIFF

18

1

## VI.    DEMAND FOR JURY TRIAL

2          Plaintiff, on behalf of themselves, and all others similarly situated, hereby demands a jury

3    trial for all claims so triable.

4    DATED:  October 15, 2018                    GIRARDI | KEESE

5

6                                        By:  _____

7                                             KEITH D. GRIFFIN, ESQ.
                                             Attorneys for PLAINTIFF
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19                          Exhibit A, Page 028

CLASS ACTION COMPLAINT